HAMBURGER BROTHERS & Co., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 619. Argued June 4, 1928.—Decided June 18, 1928.

F. *Soto Gras* for the petitioner. *James R. Beverley, Attorney General, R. A. Gómez* and *Felipe Janer, Assistant Attorneys General,* for the respondent.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Hamburger Brothers & Co. brought an action in the District Court of San Juan against Luis F. Díaz Llenza for the performance of contract and for damages, claiming for the first $1,304.50 and interest and for the second $550 and interest. The defendant was summoned but did not appear and the clerk noted his default. On April 4, 1928, the plaintiffs asked the clerk of the district court to enter the case in the special calendar of Friday April 13, 1928, for submitting the evidence and the clerk refused the request because the application was not accompanied by an internal revenue stamp for $5 for the setting. The plaintiff moved the district court to order the clerk to enter the case as requested without the stamp because it was not required by the law. After hearing the argument the court overruled the motion. This is the basis of the present certiorari proceeding instituted by a petition of May 21, 1928.

Act No. 17 of March 11, 1915, establishes the fees to be paid for different services of court officers, among which is the following:

"Section 2.— . . . .

"C. For entering a case on the calendar and setting the same for trial . . . . $5.00."

In 1915 there was only the general calendar related to all matters before the courts, whether on issue joined or on default of a party.

In 1917 the Legislature passed Act No. 94 which went into effect on March 31, 1919, creating the special calendars for the hearing of motions and demurrers on Monday of each week, and for the hearing of *ex parte* proceedings, special legal proceedings, summary contentious proceedings and cases in default on Friday of each week.

In section 1 of this Act No. 94 it is clearly and explicitly provided that the proper internal revenue stamp, in accordance with the schedule, shall be affixed to the application for inclusion in the special calendar of motions and demurrers. Therefore, express reference is made to the schedule which no doubt governs that kind of settings.

Section 2 of that Act reads as follows:

"That courts having jurisdiction in *ex parte* matters, special legal proceedings, summary contentious proceedings and cases in default, shall devote Friday of each week to such matters, the calendar of all cases of the aforesaid nature, inclusion of which in said calendar shall have been applied for by the parties, to be made up on the Monday immediately preceding. By order of the court, entered on the minutes, other cases may be entered on the calendar after said day."

As may be seen, there are two special calendars. This statement is corroborated by sections 3 and 4 of the same Act which differentiate between them when establishing the conditions under which the questions submitted must be determined, and further still by section 6 which begins as follows:

"That the different calendars herein referred to, as well as general calendars, shall be kept . . ."

The difference mentioned is established as well as that existing between the special and general calendars.

If a rule of literal construction is applied, there is no doubt that the Act has not provided that an internal revenue stamp should be affixed in the cases included in section 2.

If we apply the rule of logical construction, there is no doubt that the act providing that in accordance with the

schedule a stamp should be affixed to motions and demurrers and making provision for affixing stamps in the cases of section 2, has exempted those cases from such a charge.

It is an old rule that statutes prescribing the imposition of any tax or import can not be made extensive by analogy to cases not clearly included in them.

This court can not hold that there is an error in the law, but that it expresses in a final and explicit manner the will of the Legislature, and in the present case, if the Legislature had meant to provide for affixing a stamp in the cases of section 2, it would have said so, as it did with reference to the cases of section 1.

In the answer the Attorney General, representing the respondent, maintained that there is a right to require the stamp.

At the hearing on this case the same representative of the respondent raised the question that certiorari is not the proper remedy. The question is not presented in due form. We do not see that the order under consideration is covered by any of the subdivisions of section 295 of the Code of Civil Procedure. And even if it were appealable, our decision might depend on the adequacy, speed and effectiveness of the remedy by appeal, as was held in *San Juan Racing & Sporting Club* v. *Foote, Judge,* 31 P.R.R. 154. It is to be stated once more that the mere fact that the order is not appealable does not determine the right to the writ of certiorari, for the party who asks for it must show a breach of the rules that determine the jurisdiction or the proceeding and present a case requiring the exercise of the sound discretion of the court petitioned. See in this connection the decisions of this court in the cases of *Espada* v. *Sepúlveda, Judge,* 20 P.R.R. 125; *Polo* v. *Domínguez,* 15 P.R.R. 592; *Torres* v. *Gill,* 17 P.R.R. 38; *Argüelles* v. *Rossy,* 19 P.R.R. 995, and *Rubio* v. *Rodríguez,* 25 P.R.R. 170. The doctrine in those cases is the doctrine followed and affirmed by this court.

By virtue of the foregoing the order of the District Court of San Juan of May 8, 1928, is reversed and set aside.